IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 JUL 14 PM 1:42

CLERK-ALBUQUERQUE

JIMMY N. SAUCEDA,

    Plaintiff,

vs.

                              CIVIL NO. 04-154 JB/DJS

CORRECTIONS CORP. OF AMERICA,
WARDEN MR. BLAIR, MAINTENANCE DEPT.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that he was subjected to cruel and unusual punishment and denied medical care while being held in the Torrance County Detention facility. Specifically, Plaintiff states that on July 13, 2002, he slipped and fell in a puddle created by a leaking toilet. Plaintiff contends that prison officials had been told of the leak but had failed to take any action. He further asserts that it took twenty to twenty-five minutes for medical assistance to arrive and an hour for him to be transported to a hospital in Albuquerque, where examination revealed that the fall caused his artificial hip to separate and broke his right leg. The

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



break resulted in a surgery and the eventual permanent shortening of Plaintiff's right leg.

2. Plaintiff filed his complaint in state court and Defendants removed it to Federal court on February 12, 2004. In support of removal, Defendants assert Federal jurisdiction on the basis that Plaintiff asserts federal constitutional claims. In his complaint, Plaintiff seeks damages for negligence as well as for cruel and unusual punishment as prohibited by the Eighth Amendment of the Constitution.

3. The standard courts use to determine whether a prisoner's Eighth Amendment rights have been violated is "deliberate indifference". See Wilson v. Seiter, 501 U.S. 294, 297 (1994). This standard applies in non-emergency situations involving prisoners or when the state's responsibility to the prisoner does not clash with other equally important governmental responsibilities. See Whitley v. Albers, 475 U.S. 312, 320 (1986). Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment, and, regardless of how evidenced, states a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97, 104 (1976). One of the core concerns of the Eighth Amendment is inmate access to necessary medical care. See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980), cert. den., 450 U.S. 1041 (1981). In a §1983 action for damages, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." Id. at 574-575. A deliberate indifference to serious medical needs may be "manifested...[by] denying or delaying access to medical care...." Estelle, 429 U.S. at 104.

4. The allegations in this case do not rise to the level of deliberate indifference to a serious medical need. In the complaint, Plaintiff states that he was transported to the hospital on the same day and within a few hours of his fall. Further, Plaintiff received surgery for his injuries. Although

2

Plaintiff suffered a permanent injury as a result of his fall, he does not allege that the injury was caused by insufficient care or a delay in care by the jail. Consequently, he fails to state a claim for relief under the Eighth Amendment. See Sealock v. Colorado, 218 F.3d 1205, 1210-11 (10th Cir. 2000) (holding that "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm"). Delay in medical care, by itself, does not support a constitutional claim. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993)

5. Petitioner's allegations regarding Defendants' negligence in failing to repair the water leak which he contends caused his fall also fail to rise to the level of a §1983 claim under the Eighth Amendment. In order to state a claim on this basis under §1983, Plaintiff must establish that prison officials violated the Eighth Amendment by, "show[ing] that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) prison officials acted" with deliberate indifference in the face of that risk. Grimsley v. MacKay, 93 F.3d 676, 680-81 (10th Cir.1996). For a claim based on failure to insure safety, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," Farmer v. Brennan, 511 U.S. 825, 834 (1994), otherwise described as an "excessive risk to inmate health or safety," id. at 837, one "sure or very likely to cause serious illness and needless suffering." Helling v. McKinney, 509 U.S. 25, 33 (1993). "[D]eliberate indifference describes a state of mind more blameworthy than negligence," Farmer, 511 U.S. at 835, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. The test is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. In short, liability requires "consciousness of a risk." Id. at 840.

6. In this case, Petitioner's allegation that prison officials were aware of a water leak which resulted in a puddle on the floor fails to rise to the level of a disregard of an excessive risk to inmate safety. Cf. Shannon v. Graves, 257 F.3d 1164, 1169 (10th Cir. 2001) (Granting summary judgment regarding claims of sewage backups and contamination of laundry where there was no evidence as to frequency and duration of exposure and problems were corrected by maintenance staff, often within a day or two).

7. While deliberate indifference requires more than a showing of simple, or even heightened, negligence, Farmer, 511 U.S. at 836-37, and the allegations in Plaintiff's complaint does not rise to that level, they state a potential claim for negligence. In addition, Plaintiff originally brought his claim in state court and characterized it as one pursuant to the New Mexico Tort Claims Act. In an action removed on the basis of federal claims which were found to be without merit and dismissed, remand to the state court before which the existing state claims were originally pending is appropriate. Although dismissal of pendant state claims once federal claims are decided is the general practice of federal courts,

> [A] remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law. Under the analysis set forth in [United Mine Workers v.] Gibbs, [383 U.S. 715, 726 (1966)] this consequence, even taken alone, provides good reason to grant federal courts wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate.

Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988).

## RECOMMENDED DISPOSITION

That Plaintiff's federal claims pursuant to the Eighth Amendment be dismissed for failure to state a claim and his claims for negligence be remanded to the Seventh Judicial District Court, Torrance County, of the State of New Mexico.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE